UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY COLLIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMAZON.COM SERVICES LLC, ) <br> ) <br> Defendant. ) <br> ) | Case: 1:23-cv-02266 <br><br> Jury Trial Demanded |

# COMPLAINT

Plaintiff, Henry Collier ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Amazon.com Services LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sexual harassment against Plaintiff, sex-based discrimination, and retaliation against Plaintiff in violation of Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Henry Collier, resides in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Amazon.com Services LLC, is a Limited Liability Company doing business in and for Will County whose address is 23257 Central Park Avenue University Park, IL 60484

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Packer from June 20, 2021 through November 19, 2022.

13. Since at least July 2021 through November 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and Plaintiff has been subjected to a sexual harassment.

14. Plaintiff is male and is a member of a protected class because of his sex whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

15. On or about July 7, 2021, Plaintiff began being sexually harassed by his co-worker, Crystal (last name unknown).

16. Crystal would put her breasts in Plaintiff's face, rubbed her breasts up to Plaintiff's chin and towards his mouth, and Crystal would say comments such as, "I want to sit on your face, while you give me oral sex."

17. Crystal tried to sit on Plaintiff lap on a consistent basis.

18. Crystal would also hump Plaintiff's legs, while making lewd comments.

19. Plaintiff was distraught and embarrassed about a coworker sexual harassing him every day.

20. Plaintiff reported the sexual harassment to HR (name unknown) and Operations Manager Nico (last name unknown), but no action was taken.

21. On or about October 30, 2022, Plaintiff went to HR again to report the sexual harassment by Crystal, and again, nothing was done.

22. Defendant failed to investigate Plaintiff's complaint and failed to take remedial

measures.

23. Contrary to their obligations following my complaint of sexual harassment, Plaintiff was retaliated against by being terminated in pre-text fashion.

24. On or about November 9, 2022, Plaintiff was told he was terminated for tardiness, which was untrue, as Plaintiff never was late or missed a day of work for that matter.

25. The purported reason for Plaintiff's termination was pre-text and the actual reason was retaliation for reporting the sexual harassment.

26. Additionally, Defendant is now also claiming that Plaintiff was terminated for sexually harassing Crystal, which is untrue and pre-text.

27. Furthermore, Plaintiff's has a reasonable belief that he was terminated and retaliated against on the basis of his sex due to the employer's discriminatory response to a male's complaint of sexual harassment compared to a female's complaint of sexual harassment.

28. Plaintiff was unlawfully terminated because of his sex, (male) on November 9, 2022.

29. Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

30. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

31. Plaintiff is able to show that she participated in protected activity under Title VII and that Defendant retaliated against him for doing so.

32. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

33. There is a basis for employer liability for the sexual harassment that Plaintiff was

subjected to because Defendant was aware of the sexual harassment.

34. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to HR about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sexual Harassment)

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and sexually harassed the Plaintiff, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

37. Defendant knew or should have known of the harassment.

38. The sexual harassment was severe or pervasive.

39. The sexual harassment was offensive subjectively and objectively.

40. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his sex, male.

41. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

42. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

43. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

44. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

45. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sexual harassment which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

47. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

48. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff based on him reporting the sexual harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

50. Plaintiff was subjected to an adverse employment action (termination) for engaging in protected activity under Title VII.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

53. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

55. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

56. Plaintiff was subjected to an adverse employment action (termination) on the basis of his sex.

57. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 11th day of April, 2023.

/s/ *Mohammed Badwan*
**Mohammed Badwan, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
E-mail: mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*